IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cr-30063-SMY |
| | ) |
| COURTNEY A. HAYES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Courtney A. Hayes was sentenced on February 3, 2017 to 151 months imprisonment for possession of cocaine with intent to distribute (Docs. 31, 33). According to the Bureau of Prisons inmate locator, he is currently housed at Sandstone FCI and his projected release date is June 5, 2028.[1]

Now pending before the Court is Hayes's *pro se* Supplemental Motion for Compassionate Release pursuant to the First Step Act of 2018 in which he seeks release due to the COVID-19 global pandemic (Doc. 49). The Government responded in opposition (Doc. 53). For the following reasons, the motion is **DENIED**.

### Background

COVID-19 is a contagious virus which continues to spread across the United States. Individuals with certain underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of severe illness and death from the virus. People Who Are at Higher Risk for Severe Illness, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited January 7, 2022). Sandstone FCI has a current

---

[1] The briefing from 2020 notes that Defendant was incarcerated at Greenville FCI, but he has since moved facilities to Sandstone FCI.

inmate population of 1,139.  *See* https://www.bop.gov/locations/institutions/sst/ (last visited June 28, 2022).  As of June 28, 2022, there were 0 positive COVID-19 cases among inmates and 2 positive staff members at Sandstone FCI.  1 inmate has died from the virus and 547 have recovered.  *See* https://www.bop.gov/coronavirus/ (last visited June 28, 2022).

Hayes is 40 years old and allegedly suffers from bronchitis and obesity.  He asserts that he remains at risk for severe illness from COVID-19 due to his medical conditions.

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  A defendant seeking compassionate release must first request that the BOP file a motion seeking the same.  *Id*.  If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest.  *Id*.  There is no issue with respect to the exhaustion of administrative remedies in this instance.

The Government first argues that the Court cannot grant Hayes's request for compassionate release because his plea agreement forecloses him from seeking relief under 18 U.S.C. § 3582.  Hayes's plea agreement provides, in relevant part, as follows:

> **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction or sentence**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.  (Emphasis in original)

(Doc. 21, IV.5.)

The basis of the Government's argument is distinguishable from the basis of the Seventh Circuit's decision in *United States v. Bridgewater,* 995 F.3d 591 (2021). In *Bridgewater*, the defendant was also seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and entered into a written plea agreement which provided, "Defendant knowingly and voluntarily *waives the right to seek modification of or contest any aspect of the conviction or sentence in any type of proceeding*." (Emphasis added). *Bridgewater,* 995 F.3d at 592. The Seventh Circuit noted that compassionate release is a form of sentence modification, and therefore, Bridgewater's plea agreement foreclosed his request for compassionate release. Here, Hayes's plea agreement waiver does not include his right to seek a "modification" of his sentence. The Court will therefore consider his motion on the merits.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and continues to be an issue for prisons despite the safety protocols and policies that have been implemented. Hayes alleges that he is at an increased risk from contracting COVID-19 and suffering severe illness because he suffers from serious health conditions, including bronchitis and obesity. According to the CDC, individuals with bronchitis and obesity *may* be at an increased risk of severe illness if they contract COVID-19.

Hayes is fully vaccinated, having received 2 doses of the Moderna vaccine (on March 2 and March 30 of 2021) and has not presented evidence that he is at greater risk for an adverse outcome in prison than he would be if released. See, *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Further, Sandstone FCI currently has no infected inmates out of an inmate population of 1,139. Considering the totality of circumstances, Hayes does not present an extraordinary and compelling reason for his release at this time.

For the foregoing reasons, Defendant's Motion for Compassionate Release under the First Step Act of 2018 (Doc. 49) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 28, 2022**

**STACI M. YANDLE**
**United States District Judge**